

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 13, 1972

Honorable Bryan Davis, Jr.
County Attorney
Nacogdoches County
Box 736
Nacogdoches, Texas 75961

Opinion No. M-1213

Re: The authority of Stephen F.
Austin University to close a
street passing through its
campus in Nacogdoches without
the consent of the City of
Nacogdoches.

Dear Mr. Davis:

In your recent letter to this office, you asked our opinion as to the authority of Stephen F. Austin State University to close a street passing through its campus in Nacogdoches without the consent of the City of Nacogdoches.

The facts, as presented by you, are that the street over school property has been in use by the public in Nacogdoches only since about the year 1938, but that it had not existed as a street or road prior to that time nor had it been used by the public in any manner. You further stated that there had been no formal dedication of this school property as a public road. The University's appropriation of funds with which to pave the street was provided by the Forty-fifth Legislature, Regular Session, 1937, General and Special Laws of Texas, 1036. This $15,000 item was appropriated for the year ending August 31, 1938. At a meeting of the City Commission of Nacogdoches on February 15, 1938, the Commission authorized the expenditure of an amount not to exceed $3,000, "to co-operate with the State in this important street extension." (emphasis added).

There is ample authority in the Board of Regents of the University to regulate and control school land and grounds, including the power to close a street crossing the campus, if such a closing does not contravene some paramount right in the public at large. (See Sections 101.11 and 101.41 of the Texas Education Code).

Section 2.04, Texas Education Code, is specific authority for closing the street here in question. No reimbursement of funds is required because no title to land was ever acquired from the University.

The Texas Supreme Court stated in the case of Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913) at page 200 that:

"It is well established that the State Legislature is clothed with all governmental power which resides in the people . . . . . The power of the State in respect to its property rights is vested in the Legislature, and the Legislature alone can exercise the power necessary to the enjoyment and protection of those rights, by the enactment of statutes for that purpose."

The Legislature authorized the expenditure of $15,000 in 1938 to pave a street across the school property in Nacogdoches. There was nothing further authorized in this appropriation bill concerning that street, and nothing could be inferred from it to abrogate the power of the school trustees to control its use or non-use. Conley v. Daughters of the Republic of Texas, 151 S.W. 877 (Tex. Civ. App. 1912, error granted, 106 Tex. 80, 156 S.W. 197 (1913) Reversing 151 S.W. 877 on other grounds). (Attorney General's Opinion No. V-1254, 1951). The Legislature further has not seen fit to prescribe a means by which land owned by the State could be taken by cities, towns, or villages of this State, or private citizens. The county's right to open a public road across public lands (Article 2351, V.C.S.) is restricted by the provisions of Article 6715, V.C.S., relating to public land owned and used, or for actual use by the State or by public State institutions for public purposes. Middleton vs. Presidio County, 138 S.W. 812 (Tex. Civ. App. 1911, writ ref.). (See also Article 2.04 of the Texas Education Code).

The road in question was constructed principally with State funds some thirty-four (34) years ago on property owned by the present Stephen F. Austin State University, and you have informed this office that the campus portion of Raguet did not exist as a street or road prior to 1938. It is clear, therefore, that no public use of the street on campus could have existed prior to 1938 to give rise to prescriptive easement in the public. It is also certain that since 1938, the public could not have acquired a prescriptive easement in that street over the campus. (See the discussion of prescriptive easements and supporting authorities in 21 Tex. Jur.2d Easements §25 and 2 Tex. Jur.2d Adverse Possession §16).

Based upon facts presented by you and the foregoing discussion, we are of the opinion that Stephen F. Austin State

University in Nacogdoches has the authority to close that portion of Raguet Street within the confines of its campus, and may do so without the consent of the City of Nacogdoches.

## S U M M A R Y

Stephen F. Austin State University in Nacogdoches has the authority, without the consent of the City of Nacogdoches, to close that portion of Raguet Street constructed in 1938 over school property and lying within the campus area.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Linward Shivers
J. Milton Richardson
Ben Harrison
Fisher Tyler

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant